SCHWAB, C. J.
The First National Bank of Oregon (the Bank), the personal representative, appeals from a probate court order sustaining an objection to the final account of the estate of Albert Buescher.
Albert Buescher died testate on October 15, 1975. His wife, Emily M. Buescher, had predeceased him. The distributive sections of Albert Buescher’s will, executed September 4, 1969, provided:
"(a) I give, devise and bequeath one part thereof unto my wife, EMILY M. BUESCHER, to have and to hold unto her, her heirs and assigns forever.
"(b) The other one part thereof I give, devise and bequeath unto the children of Herbert Schmidt and David Schmidt, namely STEVE SCHMIDT, DAVID SCHMIDT, MALISSA SCHMIDT, GENEPHER SCHMIDT, BECKY SCHMIDT, DANNY SCHMIDT, RONEY SCHMIDT, RANDY SCHMIDT, and LARRY SCHMIDT, share and share alike, and unto the survivors or survivors of them.”
The probate court found that the bequest to Emily M. Buescher had lapsed and directed that the portion of the estate intended for her be distributed as in intestacy to the heirs-at-law of Albert Buescher — his surviving brothers, niece and nephew, none of whom were mentioned in the will.
The Bank argues that ORS 112.400 requires that distribution of the lapsed bequest go to the people named in part (b) of the distributive section of the will. ORS 112.400, enacted as Oregon Laws 1973, ch 506, § 17, provides:
"Except as provided in ORS 112.395:
"(1) If a devise other than a residuary devise fails for any reason, it becomes a part of the residue.
"(2) If the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee or to other residuary devisees in proportion to their interests in the residue.”
*[458] Oregon Laws 1973, ch 506, § 43(1), which was never made a part of Oregon Revised Statutes, states in part:
"Except as specifically provided otherwise in this Act, on the effective date of this Act:
"(1) This Act applies to wills of decedents dying thereon or thereafter, but the construction of a will executed before the effective date of this Act shall be governed by the law in effect on the date of execution unless a contrary intent is established by the will.” (Emphasis supplied.)
The Bank first argues that § 43(1) is not applicable in this case because § 17 (ORS 112.400) clearly defines the manner of distribution of the decedent’s estate, thus falling within the "provided-otherwise” exception contained at the beginning of § 43(1). We disagree. A common question arising in statutes involving wills, including anti-lapse statutes such as in issue here, is whether a will should be controlled by the law in effect at the time of its execution or by the law in effect at the time of the death of a testator. See, e.g., Reynolds, et al. v. Love, et al., 191 Ala 218, 68 So 27 (1915); Smith v. Thomas, 317 Ill 150, 147 NE 788 (1925); Bartlett v. Ligon, 135 Md 620, 109 A 473 (1920); Varick v. Smith, 69 NJ Eq 505, 61 A 151 (1905); Annotation, 129 ALR 859 (1940). The plain language of § 43(1) is that the provisions of Oregon Laws 1973, ch 506, were not meant to be retroactive to a will executed before its effective date unless the will so provided. The qualifying language introducing § 43(1) is relevant only to those provisions of ch 506, if any, that specifically provide that they will be applicable even to those wills executed before its effective date.
The Bank further argues that § 43(1) is not applicable in this case because, by its terms, it operates only on "the construction of a will executed before the effective date of [chapter 506].” (Emphasis supplied.) In this instance, the Bank maintains, we are not engaging in any construction of a will because the will in question is unambiguous on its face in providing for distribution of the decedent’s property. However, the *[459] Bank fails to realize, that the will did not provide for what would happen to the property in question if Emily M. Buescher predeceased the testator. For this situation, the will provides no guidance and we thus are engaging in a process of construction by applying the common law rules for lapsed gifts to the terms of the will. See In re Estate of McCoy, 193 Or 1, 2, 236 P2d 311 (1951).
Finally, the Bank argues that applying the common law rule for lapsed bequests which results in passing one-half of the estate to the decedent’s heirs-at-law is contrary to the testamentary intent expressed in the will. The Bank points to the fact that the will indicated that only the testator’s wife and step-great grandchildren should receive his property and that his own family should not. While we recognize that a testator may prevent a bequest from lapsing by a substitution of another beneficiary in case of the death of the original donee, we see nothing in the will in this case to indicate the testator so intended.
Affirmed.